| Case No. | **CV 17-6526-DMG (SSx)** | Date | September 11, 2017 |
|---|---|---|---|
| Title | *U.S. Bank National Association v. Dora Cervantes, et al.* | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS – ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On June 20, 2017, Plaintiff U.S. Bank National Association Successor in Interest to Wachovia Bank, National Association as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2005-E filed a summons and a Verified Complaint for Unlawful Detainer in Los Angeles County Superior Court against Dora Cervantes, Sandra Cervantes, and Does 1–5. Summons at 1–2; [Doc. # 1]; Compl. at 1 [Doc. # 1]. Plaintiff seeks restitution and possession of the subject premises, $80 per day for damages for Defendants' continued possession of the premises, and "costs and . . . such other and further relief as the court may deem just and proper." Compl. at 3.

Defendant Dora Cervantes removed the case to this Court on September 5, 2017, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). *See* Removal Notice at 2–5.

Cervantes apparently contends that federal question jurisdiction is proper because Plaintiff's lawsuit violates her rights secured by the First, Fifth, Seventh, Ninth, and Fourteenth Amendments of the U.S Constitution. *See id.* at 1–2. It is axiomatic, however, that federal jurisdiction cannot rest upon an actual or anticipated defense. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Complaint in this case raises no federal question.

Nor does the Complaint reveal a basis for diversity jurisdiction. The Complaint states that the amount of damages sought by Plaintiff is $80 per day starting on May 25, 2017. Compl. at 3. This is well below the $75,000 amount-in-controversy jurisdictional threshold for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Even assuming *arguendo* that Cervantes correctly points out that the value of the property is the appropriate measure of the amount in controversy, neither

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6526-DMG (SSx)** | Date | September 11, 2017 |
|---|---|---|---|
| Title | *U.S. Bank National Association v. Dora Cervantes, et al.* | Page | 2 of 2 |

the Removal Notice nor the Complaint identify the value of the property. *See* Removal Notice at 3; Compl. at 1–3. Additionally, Cervantes fails to demonstrate that there is complete diversity between the parties, given that neither her Removal Notice nor the Complaint provides the citizenship of Co-Defendant Sandra Cervantes. *See* Removal Notice at 4; Compl. at 1–3.

      Furthermore, it appears that Cervantes's Removal Notice is untimely. A defendant must file notice of removal within 30 days after "receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The Complaint was filed on June 20, 2017, and Cervantes's Removal Notice was not filed until September 5, 2017, over one month after the 30-day deadline likely had passed. Defendant Dora Cervantes provides no explanation for the apparent delay in removing this action to federal court. *See* Removal Notice at 1–11.

      Accordingly, this action is hereby **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**